O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| ANTON TOUTOV, <br><br>        Plaintiff, <br><br>   v. <br><br>CURATIVE LABS INC. et al., <br><br>        Defendants. | Case No. 2:23-cv-02913-ODW (ASx) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]** |

## I.    INTRODUCTION

Before the Court is Plaintiff Anton Toutov's Motion to Remand the case to Los Angeles County Superior Court. (Mot. Remand ("Motion" or "Mot."), ECF No. 12.) For the reasons that follow, the Court **GRANTS** Toutov's Motion.[1]

## II.    BACKGROUND

On December 15, 2020, Anton Toutov filed a complaint in federal court against Curative Labs Inc. ("CLI") and Curative Inc. (collectively, "Curative Defendants"), Korva Holdings LLC and Korva Scientific, Inc., and individuals Jonathan Martin and Paul Scott. *See* Compl. at 1, *Toutov v. Curative Labs Inc.*, No. 2:20-cv-11284-ODW (ASx) (C.D. Cal Dec. 15, 2020) ("*Toutov I*"), ECF No. 1. In that complaint, Toutov

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

asserted four causes of action arising from Toutov's alleged equity stake in CLI. *Id.* ¶¶ 78–97. Toutov alleged that, in 2019, Defendants Martin and Scott ousted Toutov from CLI and refused to pay Toutov his share of profits and financial interests. *Id.* ¶¶ 10, 14.

Nearly two years later, Toutov moved to amend his complaint in *Toutov I* to add a new claim for Violation of California Penal Code section 496, which creates a civil cause of action for treble damages and attorneys' fees against anyone who is knowingly in receipt of stolen property. Mot. File First Am. Compl. 1, *Toutov I*, ECF No. 90. This Court denied Toutov's motion for lack of good cause and for Toutov's own delay in seeking leave to amend. Order Den. Pl.'s Mot. 5–6, *Toutov I*, ECF No. 130.

More than three months later, on March 21, 2023, Toutov initiated this second action against Martin, Scott, CLI, and Curative Inc. (collectively, "Defendants") in Los Angeles County Superior Court. (Notice Removal Ex. A ("Compl.") at 1, ECF No. 2.) Toutov asserts two new causes of action both arising, as in *Toutov I*, from Toutov's alleged equity stake in CLI: receipt of stolen property in violation of California Penal Code section 496 and conversion. (*Id.* ¶¶ 62–70.) Defendants Martin and Scott removed this second action to federal court on the basis of alleged diversity jurisdiction. (Notice Removal ¶ 2, ECF No. 2.)

Toutov now seeks to remand this case back to Superior Court. (*See generally* Mot.) The Motion is fully briefed. (Opp'n, ECF No. 15; Reply, ECF No. 16.) After the Court took the Motion under submission, on June 29, 2023, Toutov voluntarily dismissed the Curative Defendants. (Notice Partial Dismissal, ECF No. 18.)

### III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court only if the plaintiff could have originally filed the action in federal court. Federal district courts have original

jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship (*i.e.*, diversity is "complete"), and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).

There is a strong presumption that a court is without jurisdiction until affirmatively proven otherwise. *See Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970).  When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Thus, the removal statute is strictly construed and any doubt about removal is to be resolved in favor of remand. *Id.*

## IV.  DISCUSSION

Toutov seeks to remand the case to Los Angeles County Superior Court, asserting that complete diversity of the parties does not exist. (Mot. 1.)  Toutov also contends that Defendants Martin and Scott, as citizens of California, are not permitted to remove the action to this federal court.  (*Id.*)

**A.  Diversity of Citizenship**

Toutov argues that the Court does not have subject matter jurisdiction as diversity of citizenship did not exist at the time of removal.  (*Id.* at 4–5.)

When an action is removed on the basis of diversity, the requisite diversity must exist at the time the action is removed to federal court. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).  If a suit could not be filed in federal court at the time of its filing, then it "must remain in state court unless a voluntary act of the plaintiff brings about a change that renders the case removable." *California ex rel. Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993) (internal quotation marks omitted).

Toutov alleges that both he and Curative Inc. are citizens of Texas. (Compl. ¶¶ 13–14.)  This defeats complete diversity of citizenship. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants . . . .").  Martin and Scott do not dispute that Curative Inc.

destroyed complete diversity at the time of removal, but they argue that Toutov has settled his claims with the Curative Defendants and therefore Curative Inc.'s citizenship should not be considered for diversity jurisdiction. (Notice Removal ¶ 8.) Although Toutov recently dismissed the Curative Defendants, he had not yet done so when Martin and Scott removed the case to federal court. At the time of removal, Curative Inc. was still a properly served and joined defendant, meaning the Court must consider its citizenship in the jurisdictional analysis. As complete diversity did not exist at the time of removal, the Court lacks subject matter jurisdiction over this action. *See Miller*, 763 F.2d at 373.

Toutov's subsequent voluntary act of dismissing Curative Inc. does not change the Court's lack of subject matter jurisdiction. Formal dismissal of a nondiverse party is required before subject matter jurisdiction exists to support removal. *Guerrero v. Gen. Motors Corp.*, 392 F. Supp. 2d 1133, 1135 (N.D. Cal. 2005). Curative Inc. was thus a nondiverse defendant at the time of removal, destroying subject matter jurisdiction. *See Tyler v. Am. Optical Corp.*, No. 2:16-cv-02337-JAK (ASx), 2016 WL 1383459 at *5 (C.D. Cal. Apr. 7, 2016) (remanding action because nondiverse defendant remained a party to the action at the time of removal despite tentative settlement agreement). Therefore, the requisite diversity of citizenship did not exist at the time of removal as both Toutov and Curative Inc. were citizens of Texas.[2]

### B.     Forum Defendant Rule

Even if the Court possessed diversity jurisdiction over this action, Toutov also correctly argues that Martin and Scott may not remove to federal court as they are both citizens of California and subject to the "forum defendant rule." (Mot. 3–4.)

---

[2] In the Notice of Removal, Martin and Scott also argue that all Defendants were fraudulently joined. (Notice Removal ¶ 12.) However, they do not raise a fraudulent joinder argument in opposition to Toutov's Motion. (S*ee generally* Opp'n.) The Court thus deems this argument waived. *See Heraldez v. Bayview Loan Servicing, LLC*, No. CV 16-1978-R (DTBx), 2016 WL 10834101, at *2 (C.D. Cal. Dec. 15, 2016) ("Failure to oppose constitutes a waiver or abandonment of the issue." (citing *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 80 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011))), *aff'd*, 719 F. App'x 663 (9th Cir. 2018).

Section 1441(b)(2), referred to as the "forum defendant rule," "restricts a defendant's ability to remove a case to federal court." *Dechow v. Gilead Scis., Inc.*, 358 F. Supp. 3d 1051, 1054 (C.D. Cal. 2019). Under the "forum defendant rule," "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Thus, the forum defendant rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

Both Martin and Scott concede that they there are citizens of California. (Notice Removal ¶ 7.) Toutov filed this case in a California state court. (Compl.) Thus, Martin and Scott are citizens of the forum state and may not remove to this federal court. *Dechow*, 358 F. Supp. 3d at 1054 (stating that § 1441(b)(2) is "unambiguous" and "[i]ts plain meaning precludes removal on the basis of in-state citizenship . . . when the defendant has been properly joined and served"). For this reason as well, Martin and Scott's removal was improper.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand. (ECF No. 12.) The Court **REMANDS** the case to the Superior Court of California, County of Los Angeles, 111 North Hill Street, Los Angeles, CA 90012, Case No. 23STCV06271.

**IT IS SO ORDERED.**

August 11, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**